UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY PATRICK McENANY, :
:
    Petitioner :
: CIVIL NO. 3:CV-05-1160
  v. :
: (Judge Kosik)
:
DAVID DIGUGLIELMO, Superintendent, :
and ATTORNEY GENERAL OF THE STATE :
OF PENNSYLVANIA, :
:
    Respondents :

**ORDER WITH NOTICE OF
LIMITATIONS ON FILING OF FUTURE
PETITIONS UNDER 28 U.S.C. § 2254**

**TO THE PETITIONER:**

    The court has received a filing from you which you have titled a habeas petition governed by 28 U.S.C. § 2254.  The purpose of this notice is to inform you of limitations upon your right to file another habeas petition in the future if your current petition is considered by the court.

    Under 28 U.S.C. § 2244(b)(3)(A), no second or successive habeas petition under section 2254 is allowed unless there are exceptional circumstances and the petitioner has obtained permission from the appropriate court of appeals.  This means that if your current

2254 habeas petition is considered on the merits and rejected, you no longer have the right simply to file another 2254 petition in this court raising other grounds for relief, even if you are attempting to raise grounds that you did not think of before filing the current petition. Instead, you would have to move in the court of appeals for a certificate allowing you to file that second 2254 petition. Further, the grounds upon which you could rely to obtain that certificate, and proceed with a second 2254 petition, are limited to two extremely rare circumstances: (1) the factual predicate for the new claim was not previously available to you by the exercise of due diligence; or (2) there is a new rule of constitutional law that was previously unavailable to you and made retroactive to cases on collateral review by the Supreme Court. Please consult 28 U.S.C. § 2244(b)(2) for further details. Because these grounds are so limited, in most cases they will result in the denial of approval to file a second or successive 2254 habeas petition, thereby barring the litigation of grounds that had not been presented in the first 2254 petition.

Thus, you should carefully consider whether the current habeas petition raises all grounds for relief from your conviction. If you think it may not, you may want to withdraw it before the court considers it. The court will allow you to do this now without prejudice to your right, after you have given the petition more thought, to file another 2254 petition.

If you do decide to withdraw your current petition with the intent of filing a comprehensive 2254 petition in the future, you are also advised that 28 U.S.C. § 2244(d) sets forth a one-year statute of limitations for filing a 2254 petition.[1] It also specifies periods of time

---

[1] It may also be that the petition you have filed is untimely. By issuing this Order, no opinion as to the timeliness of your petition is being suggested. It may be that this petition

that are not counted toward the limitations period.  You should consult this section for when the one-year period starts to run.  The limitations deadline may affect your decision to either stand on your current petition or file a new, comprehensive one.

**ACCORDINGLY, THIS 5th DAY OF JULY, 2005, IT IS HEREBY ORDERED AS FOLLOWS :**

1. The petitioner is given leave to withdraw the current 2254 petition without prejudice to filing another 2254 petition raising all grounds for relief from his conviction.

2. The petitioner is granted 30 days from the date of this order to notify the court of his decision.  If he fails to do so, the court will rule on the current 2254 petition as filed.

3. If the petitioner decides to file an all-inclusive 2254 petition raising all grounds for relief, he should file that petition before the expiration of the one-year statute of limitations to insure protection of his rights.

s/Edwin M. Kosik<br>United States District Judge

EMK:lq

---

would be found to be untimely.

3